IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

360 IMAGING, LLC,

    Plaintiff,

    v.

ITXPROS LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-5237-TWT

**OPINION AND ORDER**

This is an action for breach of contract and misappropriation of trade secrets. It is before the Court on ITXPros LLC's Motion to Dismiss [Doc. 3].[1] For the reasons set forth below, ITXPros LLC's Motion to Dismiss [Doc. 3] is DENIED.

### I.  Background

The Plaintiff 360 Imaging, LLC is in the business of creating dental implant plans, surgical guides, and other digital tools for dental healthcare providers nationwide. (Compl. ¶¶ 7, 20.)[2] These services are made possible by a proprietary treatment planning software, which the Plaintiff developed using

---

[1] ITXPros Dental, Inc. originally joined the Motion to Dismiss but was then dismissed without prejudice by the Plaintiff in January 2022 [Doc. 9].

[2] The Court accepts the facts alleged in the complaint as true for purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

its own computer code and guards from public disclosure as a trade secret. (*Id.* ¶¶ 46-48.) The Plaintiff maintains its principal place of business in Atlanta and formerly employed all of the individual defendants in this case (the "Former Employee Defendants"). (*Id.* ¶¶ 1, 7.) According to the Complaint, the Former Employee Defendants—Karim Mohamed ElSayed, Ahmed Khater, Hussein Tarek, Sara Amin, Shenouda Samir, Basem Tarek, Aya Abdel Kader Moustafa, and Maram Alaa Eldin Azmy—left their jobs with the Plaintiff to form and work for a direct competitor, Defendant ITXPros LLC. (*Id.* ¶ 1.) Allegedly, the Former Employee Defendants (with ITXPros' knowledge and participation) copied, took, disclosed, and used the Plaintiff's confidential information and trade secrets to divert business to ITXPros. (*Id.* ¶¶ 2-3, 25, 28-29, 37, 40, 42-43, 49, 54-55.) All this despite the fact that Defendants ElSayed, Samir, and Azmy allegedly signed non-compete and non-solicitation agreements during their employment with the Plaintiff. (*Id.* ¶¶ 30-33.)

Following these events, the Plaintiff filed suit against the Defendants asserting claims for breach of contract, breach of fiduciary duty and duty of loyalty, misappropriation of trade secrets, theft and conversion, and tortious interference with contractual and business relations, among others. Now, ITXPros moves to dismiss the claims against it under Rules 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim for relief, respectively. As a Delaware company with no employees or assets in Georgia, ITXPros argues that it does not have sufficient contacts in the state to trigger

either general or specific jurisdiction. In the alternative, it argues that the Complaint's allegations are too conclusory and vague to supply the necessary factual basis for the Plaintiff's claims. The Court addresses—and ultimately rejects—each argument for dismissal in turn.

## II. Legal Standard

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff has the burden of establishing a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *United States ex rel. v. Mortgage Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021). In evaluating a plaintiff's case, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the defendant contests the allegations in the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "And where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must draw all reasonable inferences in the plaintiff's favor." *Mortgage Invs. Corp.*, 987 F.3d at 1356 (quotation marks omitted).

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that the plaintiff "receives the benefit of imagination" at the pleading stage). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of his claims and the grounds upon which they rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### III.   Discussion

#### A. Personal Jurisdiction

A federal court sitting in diversity engages in a two-step inquiry to determine whether it has personal jurisdiction over a nonresident defendant. That is, the exercise of jurisdiction must (1) be appropriate under the forum

state's long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010). "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Id.* at 1258 (quotation marks omitted). In particular, the Georgia Supreme Court has explained that the Georgia long-arm statute is not coextensive with procedural due process but rather imposes "independent obligations" that a plaintiff must demonstrate to invoke the state's personal jurisdiction. *Id.* at 1259; *see also Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672, 673 (2005) (reaffirming that a nonresident defendant "must do certain acts as delineated by the statute before the nonresident could be subjected to personal jurisdiction in Georgia" (quotation marks omitted)).

Here, the Plaintiff relies on one subsection of the Georgia long-arm statute—the "transacting-business" prong—to establish personal jurisdiction over ITXPros. As the name suggests, the transacting-business prong confers specific jurisdiction over an out-of-state defendant who, in person or through an agent, "[t]ransacts any business within [Georgia][.]" O.C.G.A. § 9-10-91(1). Nothing in this text "requires the physical presence of the nonresident in Georgia or minimizes the import of a nonresident's intangible contacts with the State." *Innovative Clinical*, 279 Ga. at 675. Instead, three factors are used

5

to determine whether jurisdiction is proper under § 9-10-91(1):

> (1) [if] the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

*Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269 (2011) (citation omitted). The first two factors ensure that the defendant has sufficient minimum contacts in Georgia to support jurisdiction in its courts. *See Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 518 (2006). Assuming the minimum-contacts requirement is satisfied, the court next evaluates the reasonableness of exercising jurisdiction, taking into account "the burden on defendant, the forum state's interest in adjudicating the dispute, plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution to controversies, and the shared interest of the states in furthering substantive social policies." *Id.*

According to the declaration of its chief operating officer Bassem ElSahhar, ITXPros is a Delaware limited liability company with its principal place of business in Tampa, Florida. (ElSahhar Decl. ¶ 2.) The company does not have any employees, contractors, offices, or assets in Georgia; it does not manufacture any products that are shipped to Georgia; and its services are performed outside the United States by an all-Egyptian staff. (*Id.* ¶¶ 4-5.) On these facts, ITXPros argues that its contacts in Georgia are too few to trigger any subsection of the long-arm statute, including the transacting-business

6

prong. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 7-8.)

In response, the Plaintiff submits a declaration from its chief financial officer Ayman Abouhend showing that ITXPros has, in fact, worked many times with clients in Georgia. For example, Abouhend references and attaches multiple social media posts in which SYNrG Lab LLC, a Georgia healthcare company and the Plaintiff's former client, touted its business relationship with ITXPros. (Abouhend Decl. ¶¶ 16-17, 19-21 & Exs. C ("My NEW favorite guide partner. ITXPros – i [sic] thought my previous guide partner was great UNTIL we started working with ITXPros."), D ("Tomorrow's SYNrG / ITXPros AllonX arch with Dr.Bobby [sic] Attia and team. Beautiful implant and guide planning, thanks ITXPros."), E ("Successful conclusion from this mornings [sic] single arch SYNrG / ITXPros AllonX surgical connection. . . . Thanks ITXPros and Dr.King [sic]!"). Some of SYNrG Lab's posts depict paper reports with the ITXPros logo, which Abouhend claims must have been generated using the Plaintiff's proprietary software. (*Id.* ¶¶ 22-25, 27 & Exs. F, H, I, K.) Based on this social media activity, it appears that ITXPros routinely collaborates with SYNrG Lab to create surgical guides for oral surgeons in the Atlanta area. (*Id.* ¶¶ 20-21, 23, 25, 27.)

ITXPros, for its part, does not challenge the veracity of the SYNrG Lab posts, or the inferences to be drawn from them, with any of its own evidence. Quite the opposite, it outright admits to doing business with both SYNrG Lab and another Georgia company, Pittman Dental Laboratory. (Reply Br. in Supp.

of Defs.' Mot. to Dismiss, at 5-6.) ITXPros instead urges the Court to disregard the online posts as unauthenticated, inadmissible hearsay. (*Id.* at 4-5.) But ITXPros cites no authority for the notion that evidence must be admissible to support a prima facie case for personal jurisdiction. In fact, courts often refuse to address "questions regarding the ultimate admissibility of evidence" at the Rule 12(b)(2) stage, especially when the plaintiff has not had the benefit of jurisdictional discovery. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014); *see also Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) ("[T]o establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court."); *Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd.*, 477 F. Supp. 3d 241, 251 n.6 (S.D.N.Y. 2020) ("Courts commonly decline to rely on non-admissible evidence in the context of Rule 12(b)(2) motions made *after jurisdictional discovery*." (emphasis added)); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 968 (S.D. Tex. 2018) ("[T]he general rules of evidence concerning admissibility (*e.g.*, the rule against hearsay etc.) do not apply in the Rule 12(b)(2) context."). This Court will follow the same approach in weighing the Plaintiff's evidence.

Accordingly, the Court is satisfied that the Plaintiff has demonstrated the first element of the transacting-business test: that is, ITXPros purposefully consummated transactions in Georgia by performing surgical planning services for in-state healthcare providers. The second element is also met

8

because the Plaintiffs' cause of action arises from or is connected with these transactions. The Complaint alleges that ITXPros, with help from the Former Employee Defendants, has taken and used the Plaintiff's customer lists, software, surgical guides, and other trade secrets to solicit its customers in Georgia. (*Id.* ¶¶ 40, 42-43, 77, 82, 90, 93.) Indeed, Abouhend's declaration identifies at least one "longstanding" Georgia client, SYNrG Lab, that switched from working with the Plaintiff to ITXPros. (Abouhend Decl. ¶ 16.) There is a direct nexus, then, between ITXPros' alleged business activities in the state and the Plaintiff's claims for misappropriation of trade secrets, theft and conversion, and tortious inference with contractual and business relations. Finally, the Court can exercise jurisdiction in accordance with traditional fairness and substantial justice. As the Georgia Court of Appeals has reasoned, a company like ITXPros should expect "to respond to a suit in a state from which it derives the benefits and privileges of conducting business." *Showa Denko K.K. v. Dangle*, 202 Ga. App. 245, 247 (1991). So, the Plaintiff has made a prima facie showing of personal jurisdiction under § 9-10-91(1).

The Court's inquiry, of course, does not end there since the assertion of personal jurisdiction must also comport with constitutional due process. The Due Process Clause requires that a nonresident defendant have certain "minimum contacts" with the forum state "such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citation omitted). In a specific jurisdiction case like this

9

one,[3] the Eleventh Circuit applies a three-part due process test that examines:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (quotation marks omitted). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (quotation marks omitted).

As the Court's analysis above illustrates, ITXPros purposefully directed its business activities at the Georgia market, and there is a direct causal relationship between those activities and the claims asserted in this litigation. *See id.* at 1356 ("A relationship among the defendant, the forum, and the litigation is the essential foundation of *in personum* jurisdiction." (alteration and bracketts omitted)). In

---

[3] The Plaintiff makes a passing argument that ITXPros is subject to general jurisdiction because it was previously formed and registered to do business in Georgia. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, 11.) But the company registered in Georgia, iTXpros LLC, was administratively dissolved on September 30, 2021. (Abouhend Decl., Ex. A.) It has not been named as a party in this action. (Compl. ¶ 10 (describing Defendant ITXPros as "a corporation organized and existing under the laws of the State of Delaware").) Nor is there any evidence in the record (and ITXPros denies) that the now-defunct Georgia company is at all related to Defendant ITXPros. (Abouhend Decl. ¶¶ 12-13; ElSahhar Decl. ¶ 3.) Therefore, the Court does not have a sufficient foundation to assert general jurisdiction over ITXPros.

particular, ITXPros has provided implant and guide planning services to SYNrG Lab (the Plaintiff's former client) as well as multiple oral surgeons in the Atlanta area. The Complaint alleges that ITXPros procured this business by misappropriating the Plaintiff's confidential information and trade secrets. *See id.* at 1357-58 (finding "purposeful availment" in Florida where the defendant sold and distributed infringing goods through his website to Florida customers and the plaintiff's cause of action derived directly from those contacts). Meanwhile, ITXPros offers no arguments or evidence to suggest that the assertion of personal jurisdiction would offend fair play and substantial justice.[4] For these reasons, the Court concludes that ITXPros can constitutionally be sued in Georgia under both the state long-arm statute and the Due Process Clause.

## B.  Failure to State a Claim

Next, ITXPros moves for dismissal on the grounds that the Complaint's allegations are "vague, broad, conclusory, and fail to satisfy the *Twombly* and *Iqbal* standards." (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 14.) This is,

---

[4] There are no apparent financial or other limitations precluding Florida-based ITXPros from defending this action in Georgia. And Georgia has a strong interest in protecting its registered companies from trade-secret theft and unfair interference with their business relations. There are also obvious benefits to the Plaintiff, a company registered inand with its principal place of business in Georgia, from continuing to litigate in its chosen forum. Finally, the judiciary has an interest in efficiently resolving this dispute in the state where many of the underlying events took place and much of the relevant evidence is presumably located. *See Louis Vuitton*, 736 F.3d at 1358 (an analysis of fair play and substantial justice should consider the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the judicial system's interest in resolving the dispute).

in essence, a shotgun pleading argument. A shotgun pleading is a complaint that fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Shotgun pleadings place an undue burden not only on defendants but also on courts, "which must be able to determine which facts support which claims [and] whether the plaintiff has stated any claims upon which relief can be granted[.]" *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quotation marks omitted). There is little tolerance for shotgun pleadings in the Eleventh Circuit: "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks and alterations omitted). Consequently, a district court must order repleading *sua sponte* when confronted with a shotgun pleading. *See id.* at 1296.

Here, ITXPros complains of two general deficiencies in the five counts against it: first, that the counts do not allege specific facts but mostly parrot the legal elements of the Plaintiff's claims, and second, that the counts lump together ITXPros and the other Defendants without differentiating their respective conduct. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 11-14.) But ITXPros' argument seems to ignore the incorporation paragraph in each count, which bolsters some otherwise vague allegations with details from earlier in the Complaint. (Compl. ¶¶ 76, 89, 92, 95, 96.) For example, Count IV—for

misappropriation of trade secrets—lists specific trade secrets that the Former Employee Defendants allegedly took from the Plaintiff, including customer lists, software, surgical guides, treatment plans, and other customer and patient information. (*Id.* ¶ 77.) The Former Employee Defendants, the Complaint continues, have misappropriated and disclosed these trade secrets to and on behalf of ITXPros without consent. (*Id.* ¶ 82.) And ITXPros has allegedly used the stolen information to pursue the Plaintiff's customers in Georgia. (*Id.* ¶¶ 40, 42-43.) While ITXPros claims not to know "what [it is] accused of doing or receiving," this protest rings hollow given the ample allegations set forth and adopted in Count IV. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 12.)

The same analysis applies to Count VI—for theft and conversion—and Count VII—for tortious interference with and conspiracy to interfere with prospective and existing contractual and business relations. Count VI accuses the Defendants collectively of taking and converting the Plaintiff's computer files, designs, laptops, customer lists, software, and other property. (Compl. ¶ 90.) In previous allegations, the Complaint clarifies which Former Employee Defendants took which pieces of property and how the property was used to divert business from the Plaintiff to ITXPros. (*Id.* ¶¶ 27-29, 36-37, 40, 42-43, 54-55.) Count VII, meanwhile, claims that the Defendants (again collectively) have tortiously interfered with the Plaintiff's employee and customer relations. (*Id.* ¶ 93.) Allegedly, ITXPros was aware of the non-compete and

non-solicitation agreements binding Defendants ElSayed, Samir, and Azmy, but ITXPros caused or permitted these individuals to breach their contractual duties on its behalf. (*Id.* ¶¶ 36-39, 42-43.) The Complaint also asserts that ITXPros has taken and used the Plaintiff's confidential information and trade secrets to solicit the Plaintiff's current and potential customers. (*Id.* ¶¶ 40, 42-43.) No more detail is required to meet the lenient standard for notice pleading, and the Court thus denies the Motion to Dismiss on Rule 12(b)(6) grounds.[5] *See Twombly*, 550 U.S. at 555 (holding that a complaint need not present "detailed factual allegations" but must "raise a right to relief above the speculative level").

## IV. Conclusion

For the foregoing reasons, ITXPros, LLC's Motion to Dismiss [Doc. 3] is DENIED.

SO ORDERED, this ___2nd___ day of August, 2022.

THOMAS W. THRASH, JR.
United States District Judge

---

[5] Because Counts IV, VI, and VII are well pled as to ITXPros, so too are the Plaintiff's derivative claims for exemplary damages and attorney's fees in Counts VIII and IX, respectively.